EMMA S. FALKLAND, as Administratrix, etc., Appellant, *v.* THE ST. NICHOLAS NATIONAL BANK OF NEW YORK.

The firm of R. Bros., ship brokers, having become embarrassed in business, caused the moneys thereafter received by them in their business as agents for others, to be deposited with defendant in the name of their book-keeper, plaintiff's intestate, in order to protect such funds from being attached by their creditors and that they might be paid over to the parties entitled thereto. Defendant having discounted a note for said firm, when it became due charged it to said account and refused to pay over the amount so deducted to plaintiff. In an action to recover the amount so retained, *held*, that defendant was not entitled to set off the amount of the note against the deposits, as the deposits were not the property of R. Bros., but were deposited and held in trust for the benefit of those for whom the moneys were received.

Also, *held*, that it was immaterial that none of the parties entitled to the deposits had made claim therefor, as they could enforce their claims against the plaintiff.

Also, *held*, that it was immaterial that defendant was not notified that said intestate so held the funds in trust; that the deposits being in his name he was under no obligation to give notice that others had an interest therein.

Also, *held*, that the discharge of R. Bros. in bankruptcy did not affect the rights of the parties for whose benefit these deposits were made; that such discharge, while it might destroy the claims against them, did not deprive those for whom the funds were deposited of their right thereto.

*Falkland* v. *St. Nicholas Nat. Bank* (21 Hun, 450), reversed.

(Argued January 28, 1881; decided February 11, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 11, 1880, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury and affirming an order denying a motion for a new trial. (Reported below, 21 Hun, 450.)

This action was brought to recover a balance alleged to be unpaid on account for moneys deposited by George F. Falkland, plaintiff's intestate.

The facts found by the referee are substantially as follows :

The firm of Ruger Bros. were for several years prior to the 13th of July, 1866, shipping merchants or brokers, doing business in the city of New York as ship brokers or agents ; the business of the firm consisted in chartering vessels, collecting freight moneys on vessels consigned to them, and acting as agents for a line of steamships ; the moneys received by them in the business of their agency they formerly deposited in their bank account ; but about the time named the firm became embarrassed in business, and in consequence thereof, and in order to keep the funds received and to be received by them in the course of their said business from being attached by their creditors, and for the benefit of those entitled thereto, they on said 13th of July, 1866, caused an account to be opened by plaintiff's intestate who was their book-keeper in defendant's bank, and thereupon and until the 20th of August following, the moneys and checks received in the course of the business were deposited in said account to the credit of Falkland. At this time, and until July 26th, Ruger Bros. continued to deposit their own money in their own account with the Corn Exchange Bank. In receiving, depositing and paying out said moneys, Falkland acted solely under the directions and instructions of Ruger Brothers for whom he continued to be book-keeper, and their business continued to be transacted in all respects in the same manner as before such account was opened, except that said moneys were so deposited in the name of Falkland. Prior to the 23d day of July, 1866, the defendant received in the regular course of their business, and discounted a note made by

said Ruger Brothers for the sum of $1,793, which said note matured and became payable on that day, on which day defendant charged it to the account of Falkland, who had no connection therewith, nor was the note payable at defendant's bank.

On August 16, 1866, there was on deposit with defendant to plaintiff's credit the sum of $2,000. Falkland on that day presented to defendant a check for $2,000, to draw the remainder of said deposits; defendant declined to honor said check, but offered to pay plaintiff the difference between the said balance of $2,000, and the amount of said note for $1,793, which plaintiff declined to receive. In the summer of 1866 Ruger Bros. became bankrupt, and on the 30th day of April, 1869, received their discharge in bankruptcy; the schedules of creditors in the proceedings in bankruptcy embraced all of the creditors of said firm, including by name the defendant herein.

*Cecil Campbell Higgins* for appellant. A contract is the basis upon which is founded the whole relation between a bank and its depositor. (*Marine Bk.* v. *Fulton Bk.*, 2 Wall. 252; 5 id. 663; *Matter of Franklin Bk.*, 1 Paige, 249; *Com. Bk. of Albany* v. *Hughes*, 17 Wend. 94; *Marsh* v. *The Oneida Cent. Bk.*, 34 Barb. 298; *Downes* v. *Phœnix Bk.*, 6 Hill, 297; *Winter* v. *Bk. of N. Y.*, 2 Cai. 337; *Jordan* v. *Nat. Shoe and Leather Bk.*, 74 N. Y. 473.) If the relation between banker and depositor be that of debtor and creditor, and be founded upon a contract, then the terms of that contract must be carried out. (*Mason* v. *First Nat. Bk. of Lock Haven*, Phil. "Weekly Notes of Cases," Thursday, Dec. 16, 1880, vol. 9, No. 17, pp. 265–267; 22 Alb. L. J., No. 21, p. 412; *Tassel* v. *Cooper*, 67 Eng. Com. L. R., 9 Man., G. & S. 509, 533, 535; *Simms* v. *Brittain*, 4 B. & Ad. 375; *Watts* v. *Chrystie*, 11 Beav. 546; 13 Jur. 244, 845; 18 L. J. Ch.173; *Lund* v. *Seamen's Sav. Bk.*, 37 Barb. 129; *S. C.*, 23 How. Pr. 258; *Trigg* v. *Hitz*, 17 Abb. Pr. 436; *Swartwout* v. *Mechanics' Bk.*, 5 Den. 555; 56 N. Y. 544; *Mason* v. *The First Nat. Bk. of Lock Haven*, Alb. L. J., Nov. 20, 1880, p. 412; "Weekly Notes of Cases," Dec. 16, 1880, p. 265; *Van Alen*

v. *Am. Exch. Bk.*, 52 N. Y. 1; *Jordan* v. *Nat. Shoe and Leather Bk.*, 74 id. 477; *Patterson* v. *Patterson*, 59 id. 574.) To entitle the defendant to a set-off, he must plead, or give notice of the same. (*Bates* v. *Rosekrans*, 37 N. Y. 409; *Clough* v. *Murray*, 9 Abb. Pr. 97; *Am. Dock and Improvement Co.* v. *Stanley*, 40 N. Y. Supr. 539; *Patterson* v. *Patterson*, 59 N. Y. 574, 579, 581; *Jordan* v. *Nat. Shoe and Leather Bk.*, 74 id. 467, 471–2.) The bank having accepted the deposit was bound to return it to the depositor on demand. (*Bk. of Lock Haven* v. *Mason, supra* [Penn.], Alb. L. J., Nov. 20, 1880, p. 412; *Saltus* v. *Everett*, 20 Wend. 268; *Com. Bk. of Albany* v. *Hughes*, 17 Wend. 94–100.) Ruger Brothers would have been guilty of fraud, and subject to arrest, if they had not protected these trust moneys by depositing them as they did, under advice of counsel, in the name of Falkland. (*Roebling* v. *Duncan*, 8 Hun, 502; 67 N. Y. 598.) A complaint containing a statement of the facts, constituting a cause of action on contract, sustained by proof of such facts upon the trial, authorizes a recovery, although the complaint is in form for a conversion and the summons in the action is for relief. (*Conaughty* v. *Nichols*, 42 N. Y. 83; *Ledwich* v. *McKern*, 53 id. 376; *Austin* v. *Rawdon*, 44 id. 63; *Greentree* v. *Rosenstock*, 61 id. 588; *Graves* v. *Waite*, 59 id. 156; *Gordon* v. *Hostetter*, 37 id. 104; *Vilmar* v. *Schall*, 61 id. 564; *Needer* v. *Cooley*, 2 Hun, 74; *Beard* v. *Yates*, id. 466; *Ladd* v. *Arkell*, 37 N. Y. Supr. 35; *Knapp* v. *Roche*, id. 395; Code of Civil Proc. 519, 540, 722, 723; *Conaughty* v. *Nichols*, 42 N. Y. 83; *Graves* v. *Waite*, 59 id. 156.)

*George W. Parsons* for respondent. A bank has a general lien on all moneys and funds of a depositor in its possession for the balance of a general account. (Morse on Banking, 42, 45; *The Commercial Bank, etc.* v. *Hughes*, 17 Wend. 94; *Scott* v. *Franklin*, 15 East, 428; *Brandas* v. *Barnett*, 12 Clark & Finn. App. Cas. 787; *Curry* v. *Misa*, 10 Exch. 153; *Misa* v. *Currie*, 35 L. T. [N. S.] 414; 1 App. Cas. 554.) Independent of any lien, the defendant had a right to set off

any matured claims it had against Ruger Brothers, to the demand of plaintiff in this action. (*Driggs* v. *Rockwell*, 11 Wend. 504, 508; Waterman on Set-off, § 197; *Caines* v. *Brisban*, 13 Johns. 9; 2 R. S. 355; 3 id. 615 [6th ed.], sub. 10, to § 12; Code of Civil Procedure, § 502, sub. 3.) The moneys were the funds of Ruger Brothers, for the purposes of the set-off claimed in this action. (*Ferris* v. *Van Vechten*, 73 N. Y. 113, 121; *Levy* v. *Cavanagh*, 2 Bosw. 100; Morse on Banking, 45; *Misa* v. *Currie*, 35 L. T. [N. S.] 414; *Sheridan* v. *The Mayor, etc.*, 68 N. Y. 30; *Van Alen* v. *Am. Nat. Bk.*, 52 id. 1; *Bk. of Lock Haven* v. *Mason* [Penn. Supr. Ct., June Term, 1880], 22 Alb. L. J. 412.) The complaint does not possess the elements of a complaint on contract. (*Conaughty* v. *Nicholas*, 42 N. Y. 83, 87; *Sager* v. *Blain*, 44 id. 445; *Andrews* v. *Bond*, 16 Barb. 642; *Ross* v. *Mather*, 51 N. Y. 108; *Anderson* v. *Hill*, 53 Barb. 238, 246; *Quintard* v. *Newton*, 5 Robt. 72, 80; *Henderson* v. *Jackson*, 9 Abb. [N. S.] 293, 303.)

MILLER, J.   The rule that a bank has a general lien upon all moneys or funds in its possession belonging to the depositor is a part of the law merchant and well-established in commercial transactions.   It rests upon the principle that as the depositor is indebted to the bank upon a demand which is due, the funds in its possession may properly and justly be applied in payment of such debt, and it has therefore a right to retain such funds until payment is actually made.

The right to make an application of such funds also arises from the contract implied to exist from the relation of the parties and by operation of law.   Mere possession, however, is not of itself sufficient to maintain the lien; but the debt to the bank must have matured, and then each may counter-claim, set-off or recoup the same as any other debtors.   The relation is one which is mutual and can only exist where the demands are of the character indicated, and where each of the parties is a debtor to the other. (*Jordan* v. *Nat. Shoe & Leather Bank*, 74 N. Y. 472.)   The rule stated does not interfere with the right

of third parties, whose moneys have become mingled with those belonging to the depositor, to assert and maintain a claim to the same while in possession of the bank, and by an action to recover the amount thus deposited. (*Van Alen* v. *The American National Bank*, 52 N. Y. 1.) It must be made clear that the moneys deposited actually belong to the person from whom the account is due to entitle the bank to apply them in payment of its demand. Conceding that the moneys are applicable, even although they are deposited by and in the name of another, the same as if in the name of the actual owner, the fact of ownership must be made to appear and it must be shown satisfactorily that such owner is the person indebted to the bank and really entitled to the funds deposited. The claim of the defendant in this case is based upon the theory that the money was received by the Ruger Brothers, as shipping merchants or brokers, and was really deposited for their benefit, and became liable for their debt, which had matured, to the bank.

The question then arises whether the moneys deposited were the funds of the firm for the purposes of the set-off claimed by the defendant. The testimony upon the trial established that the deposits made by the plaintiff's intestate were moneys received in the ordinary course of the business of Ruger Brothers as agents and ship-brokers, on account of vessels consigned to them for freights collected, as well as moneys paid to meet certain liabilities of a firm of shippers. These moneys did not belong to Ruger Brothers, nor to the plaintiff's intestate, but to the captains of vessels and to other parties, and only a very inconsiderable percentage would be coming to Ruger Brothers for commissions. They were deposited in the name of plaintiff's intestate, on account of the financial embarrassments of Ruger Brothers, for safe-keeping and in order that they might be paid over to the parties to whom they actually belonged. Upon this evidence the court upon the trial found that Ruger Brothers, in the course of their business, received various sums of money on account of captains of vessels, and on account of various freights of vessels, consigned to them,

and deposited such moneys in their bank account. That they became embarrassed in business, and in consequence thereof and in order to keep the fund received by them from being attached by creditors, they caused an account to be opened by their book-keeper, the plaintiff's intestate in defendant's bank, and the moneys and checks received were deposited in said bank to the credit of the plaintiff's intestate. It thus appears that the moneys in question were not actually the property of Ruger Brothers, and they had no right or title to the same, and the defendant's demand was not the subject of set-off or recoupment against such moneys. They belonged to and were the property of the consignees and the persons for whom they had been collected and received, and were deposited solely for their benefit.

The dealings of Ruger Brothers were of a confidential character, and the moneys were received by them in trust and deposited on account of the *cestuis que trust*. Having knowledge of their own insolvency, Ruger Brothers were justified in protecting the funds of the parties, in whose behalf they were acting as agents, from being liable to be applied to the payment of their debts, and by depositing the moneys in the name of the plaintiff's intestate they did not deprive the creditors for whose benefit the deposit was made of their right to the same, or appropriate them to the payment of the demand which the bank held against that firm. The rule that when moneys held in trust have been mingled with other moneys of the trustees, so as to be undistinguishable, the *cestui que trust* cannot claim a specific lien upon the property or funds. *Ferris* v. *Van Vechten* (73 N. Y. 113), has no application when the money is held in trust to pay certain creditors, and cannot be invoked to uphold the defendant's claim to the funds in question in the case at bar, as these moneys have never lost their original character, and have never been mingled with the moneys of Ruger Brothers, but on the contrary were especially deposited and set apart in the name of a third person for a specific purpose, and therefore cannot be regarded in any respect as moneys of Ruger Brothers by whom they were originally received; nor

does it aid the defendant because it does not appear that any of the creditors of Ruger Brothers have made any claim for the same.

It is a sufficient answer to this objection to say that the creditors for whom they were set apart were entitled to the moneys, and have the right to enforce their claim to the same by instituting an action for that purpose, or by compelling the plaintiffs to pay over such sums as the intestate received and held in trust for their benefit. The right of such creditors is paramount and supreme over the claim of the defendant, as the moneys were expressly deposited for and were to be paid to them, according to their respective interests. It never belonged to Ruger Brothers, was not liable for their debts, and not having been mingled with their funds, cannot be claimed on any such ground. Nor is it an answer to the position that the plaintiff's intestate, in making the deposit, acted as the agent and trustee of the person for whom the money was received, that the defendant never dealt with the plaintiff's intestate as trustee, or had any notice or knowledge that he claimed to act in that capacity. The deposit being in the plaintiff's intestate's name alone, and not for Ruger Brothers, he was under no obligation and owed no duty which required that he should notify the defendant that he held the funds in trust, or that other parties besides himself had an interest in the deposits. It could not affect the defendant's rights in any sense, because it had no notice, as it had no claim whatever, and no reason for relying upon a fund deposited in the name of another for the payment of its debt against Ruger Brothers. In fact, from the deposit itself the defendant had notice that the funds belonged to the depositors and not to Ruger Brothers, and without proof that they actually belonged to Ruger Brothers, it had no right to appropriate or to claim these moneys for the payment of its demand.

It is urged that the claims of the creditors were cut off by the discharge of Ruger Brothers in bankruptcy. If Ruger Brothers set apart these moneys for the benefit of those for whom they were received, they created an express trust in

their behalf ; and as the money belonged to them, a discharge in bankruptcy, while it might destroy their claim against Ruger Brothers, would not deprive them of the right to the fund which had been reserved and deposited in the name of the plaintiff's intestate on their behalf. In no contingency did the fund belong to Ruger Brothers, and the defendant had no right or title to it whatever, nor any claim to set off its demand against it. Upon no other ground can the claim of the defendant be upheld, and after a careful examination, we are brought to the conclusion that the judge erred upon the trial in allowing the same.

No exception was taken. to the ruling of the judge upon the motion to dismiss the complaint, and as the defendant does not appeal it is not in a position to raise any question in regard to the decisions made against it. Some other points are urged by the appellant's counsel, but the conclusion already reached renders their consideration unimportant.

For the error stated, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except RAPALLO, J., absent.

Judgment reversed.