Per Curiam.
The plaintiffs applied to an officer of the defendants for a draft upon some one in Colorado. This was refused as not according with their methods *165 of business. The plaintiffs gave the defendants a check upon their account with defendants, and the defendants gave to the plaintiffs the following instrument:
L “New York, July 20, 1883. >
.§ “ Bank of Leadville,
5 “Leadville, Colorado.
'o 1 ‘Your account is credited this day five hundred u dollars, received from Cutler, Hall & Co., for the use 3 of I. Seymour Hall.
3 “ E. Burns,
“ “ Cashier.”
Nothing was said as to the way in which this paper was to be used for the purpose of obtaining the money from the Leadville Bank. The plaintiffs sent it by mail to the Mr. Hall named in it, and who. lived in Colorado. At the end of about ten days he presented it to the Lead-ville Bank and demanded payment of it. At that time the bank had failed in its business and refused to make the payment. Mr. Hall returned the paper to the plaintiffs. The plaintiffs, after informing the defendants of the failure of the Leadville Bank, which it knew from other sources, and of its refusing payment, presented to them the paper, and demanded the return of the $500 which the defendants refused to return. The paper was produced on the trial.
On these facts certain positions taken by defendants may be examined. One was that the money paid by plaintiffs passed beyond the reach and control of the defendants the moment the credit was given on its books, just as effectively as if it had been delivered into the manual possession of the Bank of Leadville. This does not correctly describe the fact. The money was retained by the defendants to protect themselves against the use of the credit by the Leadville Bank. They would have a right to retain the money so long as there was a possi-' bility of the Leadville Bank paying money to the holder *166 of the paper and upon the strength of it. Excepting as to such a contingency, the defendants were under no obligation to the Leadville Bank. It was within the rights and powers of the defendants, so far as the Bank of Leadville was concerned, to withdraw the credit, before payment had been made upon the paper, although that might be a wrong to the holder of the paper.
Another position was, that as the plaintiffs had directed the defendants to place this $500 to the credit of the Leadville Bank, they made the bank the debtor and not the defendants. The Leadville Bank, however, it must be perceived, never entered into any obligation of any kind to any of the parties. There is no proof of any fact that tends to show that the Leadville Bank was bound to use the credit or to pay upon the paper. The bank was a debtor to no one.
There was an attempt on the part of the defendants to show that the Leadville Bank had drawn on this credit. There was a general account between the defendants and the bank given in evidence. It was assumed that from this it appeared that the Leadville Bank, after this particular credit to them had been placed upon the books of the defendants, had drawn upon it and exhausted it. A scrutiny of this account would give another result; for it involves charging against this credit, sums paid by the defendants on the day of the transaction in question. The inference, in the absence of explanation, is, that these-sums were paid upon earlier credits, so that the account is of a kind that would show that upon the transactions beginning with the time of this credit, and ending with the failure of the bank, the defendant was debtor to the Leadville Bank in an amount greater than $500. They had no right to reduce this indebtedness, by the application of the so-called credit of $500 (Dows v. Kidder, 84 N. Y. 121). This so-called credit was a mere entry in a book of account, which did not make or shape the rights of the parties to the transaction.
There is no proof that the Leadville Bank ever knew *167 that the entry had been made and therefore ever drew upon the so-called credit of §500. If the defendants had informed the Leadville Bank that there was a general credit of $500, they did so contrary to their legal obligation, for the paper manifests that the $500 was paid to establish a credit “ for the use of I. Seymour Hall.” The Leadville Bank was restrained to drawing on the $500 for the same use. The intent was that if the Leadville Bank paid the paper, then' any drawing on that account should be accompanied by the paper. The defendants cannot use this special credit to discharge the indebtedness due them (Fakland Adm’r v. St. Nicholas Nat. B’k, 84 N. Y. 145).
The consideration to the plaintiffs or to I. Seymour Hall, has entirely failed. The Leadville Bank has ceased to do any business. The retention of the $500 is not necessary for the protection of the defendants, therefore, the defendants are bound to return, upon demand, the $500.
The judgment is reversed and a new trial ordered, with costs of appeal to abide the event.