Williams, J.
The Windisch-Muhlhauser Brewing Company brought its action against the Bank of Marysville, in the court of common pleas of Union county, upon a check *155 •drawn on the bank by George Schlegel, October 16, 1888, for the sum of $368.20, payable to the order of the plaintiff. The petition alleges, in substance, that on the 19th day of October, 1888, the check, duly endorsed, was presented at the bank for payment, at which time Schlegel had sufficient funds on deposit in the bank to pay it, but payment was refused, because, before the presentation of the check, the whole of the amount standing to the credit of Schlegel on his deposit account, had been applied by the bank, toward the payment of a note held by it, on which there was then due from Schlegel to the bank, a sum greater than the amount of his deposit; which application, it is averred, was made without the plaintiff’s knowledge or consent. The petition avers that Schlegel was insolvent when the check was presented for payment, and when it was drawn; and it also contains an allegation of the amount due on the check, for which, with interest, the plaintiff asks judgment. A general demurrer to the petition was overruled, and the defendant answered, alleging, that at the time the check was drawn, Schlegel was indebted to the bank in the sum of $1,050.00, on a promissory note given to it by him, for money advanced, and other indebtedness contracted in the course of their business; and, that on the 17th day of October, 1888, before the presentation of the check, and without any knowledge of its existence, the bank credited the note, which was then long past due, with the amount then owing to Schlegel on his deposit account, which was $378.41, and therefore, when the check was presented, there were no funds with which to pay it. The answer also alleges, that the deposit was not made for any particular purpose, nor under any special agreement or direction, but was a general deposit merely; and, that the defendant had no means of securing or satisfying Schlegel’s indebtedness to it, except by applying thereon the balance due on the deposit, as was done.
A general demurrer to the answer was sustained, and judgment rendered for the plaintiff, which was affirmed by the circuit court. The bank here contends that both judgments should be reversed, because, it is claimed, the bank *156 had a lien on Schlegel’s deposit as a security for his indebtedness, which gave it the right to apply the former to the payment of the latter; or, if it had not such a lien, it was entitled to set off Schlegel’s indebtedness to it, against the amount due him on his deposit account. The position taken by counsel for the defendant in error is, that Schlegel did not part with the ownership and control of his money by depositiirg it in the bank, and his check constituted an assignment and appropriation of that amount of the specific fund on which it was drawn, to the plaintiff, after which, the bank could not, without the plaintiff’s consent, apply the fund in payment of Schlegel’s past due note, or set off the one against the other. That view of the law appears to have been adopted by the courts below, and no other is advanced here, in support of the judgments they rendered.
There are cases in which it is held, -that a bank check for a part of the sum standing to credit of the drawer, is an equitable assignment pro tanto-, and expressions of that purport may be found in opinions of judges, in cases where the question was not involved. Counsel for defendant in error relies chiefly on Stewart v. Smith, 17 Ohio St., 82-85, where it is said: “Such a check is an appropriation of a specific sum, in the hands of the drawee, to the absolute use and control of the holder;” and, it is argued, that being such an appropriation, the title to the fund at once vests in the payee of the check, and cannot be defeated or affected by any subsequent act of the drawee. The question in that case, was whether the drawer of the check was discharged by reason of delay in its presentation for payment; and the sentence above quoted from the opinion of the learned judge, occurs in the discussion of the difference, in legal effect, of delay in presenting bills of exchange, and bank checks,, for acceptance and payment. In the recent case of Covert v. Rhodes, 48 Ohio St. 66, it was held, after full consideration, that such a check,' before acceptance, does not constitute an assignment, so as to vest the title to the fund or credit against which it was drawn, or any part of it, in the payee or holder. Some of the authorities which main *157 tain that doctrine, are collected in that case, to which many-more might be added. The rule results from the legal relation of the bank to its general depositors. The former is not a bailee, or trustee in any sense, of the money of the latter. The bank does not contract to keep on hand the particular money deposited, or pay the depositor’s checks out of it, nor is it expected to do so. The moneys of such depositors are commingled with other moneys of the bank, the amount deposited carried to the customer’s credit in account with the bank, and payments made on his checks are charged to his account. Unless there is some agreement to the contrary, deposits received by the bank become its property; they belong to it, and can be loaned or otherwise disposed of by it, as any other money belonging to the bank. If the money be stolen, or destroyed, the loss must be borne by the bank, though it be free from negligence or fault. It is accountable as a debtor; and the relation between it and the general depositor, is essentially that of debtor and creditor. In legal effect, the deposit is a loan to the bank. Hence, a check of such a customer, is not 'drawn upon a specific fund, but is an order drawn by a creditor on his debtor, requesting him to pay part of what is due the creditor, to the payee or holder. It, no doubt, evidences an intention of the drawer to have the sum specified paid to the holder, but does not transfer the title to any fund, or part of it, or the bank’s liability to the drawer. If it effected such a transfer, then, upon the failure of the bank before the check could be presented, in the exercise of due diligence, the loss would fall on the holder, as between him and the drawer; and, whether presented or not, the former could pursue the deposit in the hands of an assignee, or other representative of the bank. But as the check does hot operate as a transfer of the title to any fund, neither of these consequences result.
The liability of the. bank to Schlegel being that of a debtor only, it does not seem of much practical importance in the disposition of the case, whether the effect of the check was to assign that much of his claim to the plaintiff, or not. The case made by the pleadings is this: The bank *158 owed Schlegel on his deposit ’account, when he gave the Brewing Company his check, more than the amount for which it was drawn; at the same time, Schlegel owed the bank on his note, a sum greater than the bank’s indebtedness to him; these mutual debts existed between the parties in the same relation, were both past due, and each was founded on contract. Our statute secures the right of set-off to parties sustaining the relation of debtor and creditor, between whom there are such cross demands, and those existing between banks and their 'customers are not excepted from its operation; so that, if Schlegel, when the check was drawn, had brought an action on his claim against the bank, the latter could have set off against it the debt which Schlegel owed the bank. And it is clear the right of set-off was not defeated or impaired by the check, even if it be treated as an assignment. The statute plainly protects the right of set-off, when it existed between the parties, notwithstanding the assignment, by either, of his demand. Its language is, “when cross demands have existed between persons, under such circumstances that if one had brought an action against the other a counter claim’ or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, but the two demands must be deemed compensated, so far as they equal each other.” Revised Statutes, section 5077. By force of the statute, the indebtedness of the bank to Schlegel, was paid by a corresponding amount of the indebtedness of Schlegel-to the bank; and crediting Schlegel’s note with the amount due on his deposit account, as was done by the bank, was but giving effect to the provisions of the statute.
It is said to be a well settled rule of the law merchant, that a bank has a general lien on all the funds of a depositor in its possession, for any balance due on general account, or other indebtedness contracted in the course of their dealings, and may appropriate the funds, to the payment of such indebtedness. The right to make such appropriation, it is held, grows out of the relation of the parties as debtor and creditor, and rests upon the principle, that “as the depositor is indebted to the bank upon a demand which is due, the *159 funds in its possession may properly and justly be applied in payment of such debt, and it has therefore a right to retain such funds until payment is actually made.” Falkland v. Bank, 84 N. Y. 145. Though this right is called a lien, strictly it is not, when applied to a general deposit; for, a person cannot have a lien upon his own property, but only on that of another; and, as we have seen, the funds on general deposit in a bank, are the property of the bank. Properly speaking, the right, in such case, is that of set-off, arising from the existence of mutual demands. The practical effect, however, is the same. The cross demands are satisfied so far as they are equal, leaving whatever balance that may be due on either, as the true amount of the indebtedness from the one party to the other. Aside, then, from-any question as to whether the plaintiff could maintain its action on the check without acceptance of it by the bank, the petition fails to make a case against the defendant. True, the petition does not allege that the deposit made by Schlegel in the defendant bank, was a general one; but it is presumed to be such, unless it otherwise appear; and there is nothing in the petition, from which it may be inferred that the deposit was special, or made under any particular agreement or direction. It is also true, the petition avers that when the plaintiff presented the check for payment, the drawer had sufficient funds in the bank for its payment; but, it is alleged that the bank held the past due paper of Schlegel, for an amount exceeding his deposit, and, had applied the whole amount due him in payment of the paper, before the presentation of the check. It is not important that the application was made without the plaintiff’s consent; such consent was not necessary to give validity to the application, and if it were, the want of it would not entitle the plaintiff to recover, for the right to have the claims set off would still exist.

The judgments of the circuit court and court of common pleas are reversed, and cause remanded, with instructions to sicstain the demurrer to the petition, and for further proceedings.