(173 App. Div. 118)

### DOWD v. HUGHES.

(Supreme Court, Appellate Division, First Department.　June 2, 1916.)

1. ACCOUNT ⬅️17(5)—PLEADING—DEFENSE.

In an action for an accounting of plaintiff's share in the earnings of a tugboat, where defendant claims to be justified in withholding payment to plaintiff of the interest conceded to be due her until she gives a bond indemnifying him or agreeing to pay her pro rata share of damages which may be recovered in an action against the boat pending in admiralty, in which defendant entered into a stipulation to recover possession, the question of indemnity, not having been set up as a defense or in avoidance of plaintiff's claim, does not constitute a defense to the action.

[Ed. Note.—For other cases, see Account, Cent. Dig. § 88; Dec. Dig. ⬅️17(5).]

2. ACCOUNT ⬅️3—GROUNDS OF ACTION—FIDUCIARY RELATION.

Where defendant, while acting as managing owner of a tugboat, in which plaintiff had an undivided interest, received money earned by the boat for the plaintiff, as to her he occupied a fiduciary relation, and is obligated to account to her, irrespective of whether she is obligated to indemnify a corporation owning the remainder for her pro rata share of possible recovery in a pending admiralty suit against the boat, secured by an undertaking given by defendant, since defendant's action in giving the bond of indemnity without being authorized to act for plaintiff in no way obligated her to indemnify him to the extent of her interest.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 10-12; Dec. Dig. ⬅️3.]

Clarke, P. J., and Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Alexina C. S. Dowd against James E. Hughes. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Horace L. Cheyney, of New York City, for appellant.

Frederick C. Dowd, of New York City, for respondent.

McLAUGHLIN, J. This action was brought for an accounting. The complaint alleges that the defendant is the surviving member of the firm of A. S. Hughes' Sons, whose business down to about January 1, 1901, was that of managing owners and agents of all the owners as tenants in common in the operation of a steam tugboat known as the Atkins-Hughes; that the plaintiff owns an undivided one thirty-second part of such boat, which she has held since the firm commenced business; that on or about April 1, 1913, the defendant acquired the ownership and control of thirty-one undivided thirty-seconds of such boat, and he thereupon transferred the same to a corporation known as the A. S. Hughes' Sons Towing & Transportation Company; that the corporation, upon its formation, took possession of the tugboat and has since assumed its management and control; that under the management of the firm of A. S. Hughes' Sons large sums of money were earned in the operation of the boat, in which the plaintiff is entitled to share to the extent of her interest, and that upon an accounting a substantial part of such earnings will be due from the defendant as the surviving member of the firm; that plaintiff has demanded an accounting, which has been refused. The judgment demanded is that an accounting be had and the defendant directed to pay to her whatever may be found due.

The answer is substantially a general denial. At the trial the facts were stipulated, from which it appears that the defendant, as the surviving member of the firm of A. S. Hughes' Sons, holds a sum of money, the earnings of the boat, in which plaintiff's interest is $410.81; that such interest was earned by the boat while A. S. Hughes' Sons had the management and control of it, and prior to the formation of the corporation of A. S. Hughes' Sons Towing & Transportation Company; that plaintiff has demanded the payment of such sum, which has been refused. It also appears that after the formation of the corporation, and it had assumed the control and management of the boat, a libel was filed in the United States District Court for the Eastern District of Pennsylvania in admiralty against the Atkins-Hughes to recover damages alleged to have been sustained by the M. D. C. Scow No. 31 as the result of a collision in the Delaware river with the schooner Fanny C. Bowen, which, at the time, was being towed by the Atkins-Hughes; that the Atkins-Hughes was seized by the United States marshal in said proceeding, and the defendant, Hughes, entered into a stipulation in the sum of $10,000 for the release of the Atkins-Hughes, and upon giving said stipulation the same was restored to the corporation; that the action brought to recover said damages is still pending and undecided, and said stipulation is in full force and

effect. Plaintiff had a judgment for the amount claimed, with interest, and defendant appeals.

[1, 2] Substantially the only point presented by the appeal is whether the defendant is justified in withholding payment to the plaintiff of the interest conceded to be due her from the earnings of the boat above mentioned until she gives a bond indemnifying the defendant or agreeing to pay her pro rata share of the damages which may be recovered in the action referred to. Such question is not raised in the answer, which, as indicated, is substantially a general denial. The question of indemnity, not having been set up as a defense or in avoidance of plaintiff's claim, does not constitute a defense to the action. But, assuming that the same had been pleaded, I do not think it would have constituted a defense. It is conceded, while defendant was acting as managing owner, the money sought to be recovered was earned by the boat and received by him for the plaintiff. As to her he occupied a fiduciary relation. Having acted in that capacity and made the collection, he is obligated to account to her for it. Falkland v. St. Nicholas Bank, 84 N. Y. 145. She has a legal right to insist upon the payment of the amount due her, irrespective of whether she is under a legal obligation to indemnify the corporation for her pro rata share of the recovery that may be had against it. The defendant, without consulting with the plaintiff, gave the bond of indemnity. He was not then authorized to act for her. When he gave the undertaking to have the boat released by the marshal, it was, so far as the plaintiff was concerned, a matter personal to him, and in no way obligated her to indemnify him to the extent of the interest which she had in the boat. Gager v. Babcock, 48 N. Y. 154, 8 Am. Rep. 532. I think, upon the facts stipulated, the plaintiff was entitled to recover.

The judgment appealed from, therefore, is affirmed, with costs. Order filed.

LAUGHLIN and DOWLING, JJ., concur. CLARKE, P. J., and SCOTT, J., dissent.