## SUPREME COURT.

JOHN LUND agt. THE SEAMAN'S BANK FOR SAVINGS IN THE CITY OF NEW YORK.

A *savings bank*, that pays nothing for the money it receives, and agrees to re-pay the same to the depositor personally, or to his order, upon the production of a book, which is delivered to him, crediting him with the amount, hold the money as the *agent* or *bailee* of the depositor, under a *personal contract* to restore it or its amount.

And such bank is not at liberty to repudiate such agreement and relation where the assignee of the depositor claims the fund under an order of the latter, and ask that a third party claiming such fund may be substituted as defendants in its place, under § 122 of the Code; because the nature of the cause of action of the plaintiff is not the same against the bank as against the third party.

Where the party sought to be substituted under § 122, upon proper notice served, have not appeared upon the motion and made their claim, nor signified its particular character, nor their willingness to assume the position of real defendants, nor their pecuniary ability to respond for the costs of an unsuccessful litigation, the motion will be denied. Especially so where the party sought to be brought in are non-residents.

It is not clear that any other condition granting such a motion is contemplated to be imposed upon the defendants than making a *deposit in court* of the amount of the debt.

*New York Special Term, January,* 1861.

MOTION by defendants to substitute Peter Erik Larsson and others in their place as defendants in the action, and to discharge the present defendants from all liability to either party.

M. S. BIDWELL, *for defendants.*
JNO. S. WOODWARD, *for plaintiff.*

HOGEBOOM, Justice.   This motion is made under § 122 of the Code, and is addressed to the discretion of the court. In the exercise of that discretion, I think the motion ought not to be granted, for the following among other reasons :

I. According to the complaint in the action, Auders Larsson deposited with the defendants $2,200, and they agreed to re-pay the same to him personally, or to his order, upon the production of a book which the defendants delivered to him, crediting him with the amount of such deposit.  As they paid nothing for the money thus received, I think they held the money as the agents or bailees of Larsson, under a personal contract to restore it or its amount, and were not at liberty to repudiate that agreement and relation. The plaintiff claims this fund as the assignee, and upon the order of Larsson, and brings this suit to recover the money, the defendants having refused to pay it to him on demand. (*Marvin* agt. *Elwood,* 11 *Paige,* 365 ; *Sherman* agt. *Partridge,* 11 *How.,* 154.)

The parties whom it is proposed to substitute in the place of the present defendants, claim that the funds thus deposited by Larsson with the bank, were the proceeds of securities belonging to said parties, fraudulently procured from them by said Larsson in Sweden, who, having converted them into money, absconded therewith to this country.  It does not distinctly appear that Larsson was intrusted with such securities as their agent.  Indeed, the contrary is rather to be inferred, from the papers in the

case. The claim is not, therefore, that when the moneys were thus deposited in the bank, Larsson held them as their *agent*, and that, therefore, though deposited in the name of Larsson, they were in reality the moneys of his principals, but that Larsson fraudulently procured the securities, and fraudulently converted them to his own use. And if Larsson were sued by them, the nature of the action would naturally be for a tort or wrong, and not on contract, although they might probably waive the tort, and sue for moneys had and received to their use.

The nature of the cause of action of the plaintiff in this case could not necessarily be the same, whether the bank or Peter Erik Larsson and others were defendants. In the latter case, the single question would be, which showed the best title to the moneys, the plaintiff or Peter Erik Larsson and others? In the former case ,the plaintiff might well claim, in addition, that the bank, having received the money from him or his assignor, as his, and agreed to re-pay the same to him, or his order, could not, with legal propriety, recognize the legal claims of others, who were not in privity with Auders Larsson, or claiming through him or under his title, but by a superior and hostile title. ( *Wilson* agt. *Duncan*, 11 *Abbott*, 7 ; 2 *Barb. Ch. R.*, 573; *Sherman* agt. *Partridge*, 11 *How.*, 154 ; *Shaw* agt. *Coster*, 8 *Paige*, 343 ; *Marvin* agt. *Elwood*, 11 *Paige*, 365 ; *Fletcher* agt. *Troy Savings Bank*, 14 *How.*, 383.)

It cannot, therefore, be said that the plaintiff, and the new parties sought to be introduced into the suit, make against the present defendants a demand for the same debt. And it would be unjust, I think, in this summary way, to deprive the plaintiff of one of the material elements of his claim against the bank.

II. Assuming that the notice to the alleged rival claimants of this fund, required by § 122, has been sufficiently given, and I incline to think it has, as it is to an attorney professing to act in their behalf under a competent and

proper retainer, the proposed defendants have not appeared upon this motion and made their claim, or signified to the court its particular character, so as to enable the court discreetly to judge whether the plaintiff will not be prejudiced by the substitution of parties; nor have they disclosed their willingness to assume the position of real defendants, nor their pecuniary ability to respond for the costs of an unsuccessful litigation.

III. At present the plaintiff has a resident and responsible antagonist. The parties proposed to be substituted are non-residents, the subjects of a foreign government, without property here, so far as appears, or indeed elsewhere. Unless these new parties voluntarily appear they must be brought in by publication. The delay thus occasioned, the doubt whether a judgment thus obtained is equivalent in legal effect to one obtained against a resident party upon personal service of process: the difficulties in the way of obtaining satisfaction of the judgment against non-resident parties are all considerations which I think should weigh with the court in regulating its discretion in disposing of such an application.

Nor is it clear, that under the Code, any other condition granting the motion is contemplated to be imposed upon the defendants than making a deposit in court of the amount of the debt. The proceeding is designed to be simple and summary—the facts clearly justifying the substitution, and the proof satisfactory that the change of parties can work no real prejudice to the plaintiff. Unless these matters are reasonably apparent, I think the defendants must seek relief in a different way.

The motion must be denied, and the plaintiff's costs of opposing the motion may abide the event of the action.