GERMAN SAV. BANK OF CITY OF NEW YORK *v.* FRIEND *et al.*

(*Superior Court of New York City, General Term.* October 24, 1892.)

1. INTERPLEADER—EFFECT OF DISCLAIMER.
   Where several persons claim money deposited in a savings bank, and the depositor makes an affidavit that he assigned the money deposited to other claimants, such depositor cannot be impleaded by the bank in an action against adverse claimants.

2. SAVINGS BANK—DEPOSIT—CLAIM BY TITLE SUPERIOR.
   A savings bank cannot interplead an adverse claimant of a deposit who claims by title superior to that of the depositor, where such adverse claimant does not proceed by process of law to enforce his rights.

3. SAME—ACTION BY ASSIGNEE OF DEPOSIT—INJUNCTION.
   In an action by a savings bank against a depositor, alleged assignees of the depositor, and one P., who claimed that the depositor stole the money deposited from him, it appeared that the depositor made affidavit that he assigned the deposit to the defendants, claiming as assignees; that the charge of larceny by P. against the depositor was dismissed by the grand jury; and that P. had not asserted his right to the deposit by process of law. *Held,* that plaintiff was not entitled to an injunction to restrain such assignees from prosecuting an action at law to recover the money deposited, since defendants could not be required to interplead as adverse claimants.

Appeal from special term.

Action by the German Savings Bank of the city of New York against Emanuel Friend, Frederick B. House, Thomas Podrasky, and Jacob Guttman, to determine the adverse claims of defendants to money deposited in plaintiff bank, and for an injunction against defendants Friend and House. From an order denying a motion for the injunction, plaintiff appeals. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

*Sanders, Wagner & Auerbach,* (*Lewis Sanders,* of counsel,) for appellant. *McIntyre & Settel,* (*Frederick B. House,* of counsel,) for respondents.

GILDERSLEEVE, J. On or about the 7th day of April, 1892, the defendant Guttman deposited the sum of $180 with the plaintiff, which is a savings bank organized under the laws of this state. Subsequently the defendants Friend and House made a demand upon the plaintiff for said sum so deposited, claiming that it had been assigned to them by the defendant Guttman, and they brought a suit in the city court to recover such sum, which suit is defended by this plaintiff on the ground that it knows of no such assignment by Guttman to Friend and House. Plaintiff further claims that the defendant Guttman still claims the deposit as his own, and that the defendant Podrasky also has made a demand on plaintiff for it, claiming that said money was stolen from him by the defendant Guttman. Plaintiff has

therefore brought this action to restrain the defendants Friend and House from further prosecuting their action in the city court, and also to compel the respective defendants to interplead among themselves, and praying that plaintiff, upon the payment into court of the said sum, be discharged from all liability, and be allowed its costs and disbursements. Plaintiff applied to the court for an injunction restraining the defendants Friend and House from a further prosecution of their action in the city court, and, from the order denying the motion, plaintiff appeals to the general term.

From the affidavit of defendant Guttman it appears that he admits making the assignment to Friend and House, and denies that he has made any claim to the said money since such assignment. This disposes of any apprehension that plaintiff may feel as to the position of the defendant Guttman. It also appears from the appeal papers that the charge of stealing the money made by the defendant Podrasky against the defendant Guttman was dismissed by the grand jury. We think, therefore, that the plaintiff's fears of the claim of Podrasky are too shadowy and unsubstantial to be given serious consideration. Guttman's claim is disposed of by his own affidavit, in which he swears he assigned it to Friend and House. Podrasky, as plaintiff, asserts claims by title superior to the depositor, Guttman, alleging that Guttman stole the money from him; but the court will refuse to allow a savings bank to implead an adverse claimant of a deposit in the bank, where claimant claims by title superior to depositor, as the bank cannot dispute the title of its depositor, (*Lund* v. *Bank*, 20 How. Pr. 461,) unless, indeed, the third party, who claims to have been despoiled of his money, proceeds by process of law to enforce his rights, which Podrasky has not done. See *Lund* v. *Bank*, 23 How. Pr. 258. ·

We are of the opinion that the plaintiff is not entitled to an interpleader, and therefore no right to the injunction sought existed. The motion for the injunction was properly denied. The order appealed from is affirmed, with $10 costs and disbursements.