## JAFFE v. BOWERY BANK.

(Supreme Court, Appellate Term. June 13, 1900.)

DEPOSITS—ASSIGNMENT.

Plaintiff claims certain deposits in defendant bank under an assignment from a depositor in which he describes himself as trading under the name of "Moses Brothers," and assigns "all the moneys now on deposit standing to my credit in the Bowery Bank." *Held,* that moneys on deposit in terms credited to "Moses Brothers," the assignor having no other account with defendant, are, in legal effect, moneys standing to his credit, and pass under the assignment to plaintiff.

Appeal from municipal court, borough of Manhattan.

Action by Aaron L. Jaffe against the Bowery Bank for deposits assigned to plaintiff by Sol Moses. From a judgment in favor of plaintiff, the defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

James L. Pearsall, for appellant.
Louis Cohen, for respondent.

PER CURIAM. The evidence before the trial court was sufficient to support the judgment rendered in favor of the plaintiff. It was shown that one Sol Moses was doing business under the name of Moses Bros.; that he opened an account with the defendant in the latter name, and that at the time of the execution of the assignment below mentioned there was a balance standing to the credit of said account. On the 23d day of December, 1899, Sol Moses made, executed, and delivered to the plaintiff an assignment, in which, after describing himself as "trading under the name of Moses Brothers," he assigns to the plaintiff "all the moneys now on deposit standing to my credit in the Bowery Bank, in the borough of Manhattan, city, county, and state of New York." The assignment further contained a power "to sign, execute, and acknowledge any and all checks, receipts, or other instruments in writing which the said Bowery Bank shall require for the purpose of paying over and delivering to the said Aaron L. Jaffe the said sums of money hereby assigned." It also appeared that the assignor had no other account with the defendant bank than the one above mentioned. There can be no doubt that the assignment, construed in the light of the surrounding circumstances, was intended to and did transfer to the plaintiff the moneys which were on deposit with the defendant to the credit of "Moses Brothers." Sol Moses, and he alone, was the depositor, under a description adopted by him for trading purposes, as he himself states in the assignment in question, and as is also shown by the proofs. Moneys then on deposit with the defendant in terms credited to Moses Bros. were, in legal effect, moneys standing to his credit. He was the creditor of the bank, and the latter was debtor to him. The plaintiff, having thus acquired title to the moneys in question, presented his assignment to the bank, and demanded payment, which was refused, whereupon this action was brought for the recovery of the debt. Upon the facts as proven, and

necessarily found by the justice in rendering judgment for the plaintiff, we are clearly of the opinion that the plaintiff had a complete cause of action against the bank upon its refusal to pay the money to him. The cause of action was not of an equitable character, and the action was properly brought as one at law. The judgment was right, and should be affirmed.

Judgment affirmed, with costs.