(63 App. Div. 177.)

### DELAHUNTY v. CENTRAL NAT. BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. BANKER'S LIEN—MATURED NOTES—DEPOSIT.

Where a bank held matured notes of a firm exceeding the amount of the firm's deposit, the bank had a lien on the deposit, and was entitled to hold the same until the notes were paid.

2. SAME—RECEIVER—SUBROGATION.

A firm having a deposit with a bank which held unmatured notes of the firm to an amount greater than that of the deposit made an assignment for the benefit of creditors, which was afterwards set aside at the suit of a judgment creditor, and a receiver appointed. The judgment appointing the receiver was not recovered until after the maturity of the notes. *Held*, that the receiver was merely subrogated to the rights of the firm as of the date of his appointment, and hence not entitled to recover the amount of the deposit.

Appeal from trial term, New York county.

Action by John Delahunty, as receiver, against the Central National Bank of the City of New York. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

J. Woolsey Shepard, for appellant.
George A. Strong, for respondent.

McLAUGHLIN, J. The firm of William Campbell & Co. on the 13th of December, 1895, made a general assignment for the benefit of creditors. At that time it had on deposit with the defendant $1,138.08, and the defendant then held two unmatured promissory notes of such firm, in the sum of $10,000, each,—one dated the 4th of September, 1895, and maturing the 4th of January, 1896, and the other dated the 25th of October, 1895, and maturing the 25th of February, 1896. Subsequent to the making of the assignment,— just when, does not appear,—H. C. Bennett & Co., creditors of Campbell & Co., commenced a judgment creditors' action, which was prosecuted to, and on the 25th of February, 1897, resulted in, a judgment in favor of the plaintiff, setting aside the assignment as fraudulent and void as to Bennett & Co., and appointing the plaintiff in this action a receiver of the property of Campbell & Co. The receiver gave the bond required, and entered upon the discharge of his duties. He thereafter demanded from the defendant the $1,138.08 which Campbell & Co. had on deposit at the time the assignment was made, and, the defendant having neglected and refused to comply with his demand, this action was brought to recover that sum, together with interest thereon. The defendant by its answer denied the right of the plaintiff to recover, substantially upon the ground that it had a banker's lien upon this fund, and also because it had applied the same, prior to the time the plaintiff was appointed receiver, towards the payment of the indebtedness of Campbell & Co., represented by the notes referred to. There have been two trials of the action. Upon the first trial a nonsuit was granted upon the ground that a sufficient demand had not been

made upon the defendant prior to the commencement of the action, but on appeal the judgment was reversed and a new trial ordered. Delahunty v. Bank, 37 App. Div. 434, 56 N. Y. Supp. 39. On the second trial, at the close of the testimony, each of the parties having moved for a verdict, the learned trial justice directed a verdict in favor of the defendant, and from the judgment thereafter entered the plaintiff has appealed.

There is no dispute as to the facts. The judgment by which the plaintiff was appointed receiver was not recovered until the 24th of February, 1897. The receiver's right to or claim upon the fund in question, therefore, must be determined as of that date, inasmuch as it is not claimed that he acquired, as receiver, a lien prior to that time. In this connection it is to be noted that there is nothing to indicate when the action in which he was appointed receiver was commenced. The assignment having been set aside, his interest in or to the fund, or his right to recover against the defendant by reason of its withholding the same from him, is precisely the same as Campbell & Co.'s would have been had no assignment been made. He occupies the place of Campbell & Co. His claim is their claim, with nothing added to or taken from it. The real question then is, could Campbell & Co., on the date the judgment was recovered, February 24, 1897, have successfully maintained an action against this defendant to recover the fund in question? Manifestly not, and for this reason: When the judgment was recovered the two notes referred to were due, and the defendant by reason thereof had a lien upon all moneys in its possession belonging to them. The existence of a lien of this character is well recognized. "It is," says Judge Miller in Falkland v. Bank, 84 N. Y. 145, "part of the law merchant, and well established in commercial transactions. It rests upon the principle that, as the depositor is indebted to the bank upon a demand which is due, the funds in its possession may properly and justly be applied in payment of such debt, and it has, therefore, a right to retain such fund until payment is actually made." The defendant, when the judgment was recovered, as against Campbell & Co., unquestionably had the right of set-off; and the same right existed against the plaintiff, who, simply by operation of law, and not otherwise, had taken Campbell & Co.'s place. But the appellant seeks to escape the force of this conclusion by asserting that the assignment, while not binding upon him or Bennett & Co., is nevertheless binding upon the bank, and that, inasmuch as the assignment was made before the notes fell due, the bank neither has a lien, nor the right to set off its claim against Campbell & Co. against the money which it held to their credit. The fallacy of the contention is this: When Bennett & Co. succeeded in setting aside the assignment, that moment its relation to Campbell & Co. was precisely the same as though no assignment had been made. If this be true, then when the plaintiff was appointed receiver the defendant not only had what is termed a "banker's lien" upon this fund, but it also had the right to apply the fund which it held towards the payment of the notes which had then matured. It does not require argument to demonstrate that the plaintiff, as receiver,

could not treat the assignment as void so far as it affected the claim of Bennett & Co. and then, for the purpose of securing that claim, insist that it was valid so far as the bank was concerned. Bennett & Co. procured a decree of the court which destroyed the assignment, and, having done that, it was thereafter precluded from asserting that the assignment was valid for the purpose of giving it a preference over other creditors. If the assignment were bad for the purpose of giving Bennett & Co. the right to a receiver, it was bad for all purposes, so far as they were concerned. The receiver owes his existence to the fact that the assignment was void, and he is, therefore, like Campbell & Co., precluded from asserting its validity for the purpose of reaching the fund in question. As already indicated, he stands in the same position that Campbell & Co. would have stood had the assignment not been made; and, if the assignment had not been made at the time the receiver was appointed, no one would seriously contend but what the bank had a legal right then to hold the money in question, and apply it towards the payment of the notes of Campbell & Co.

For these reasons, we are of the opinion that the judgment is right, and should be affirmed, with costs. All concur.