### SCHWARTZ v. STATE BANK.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

BANKS AND BANKING (§ 121*)—DEPOSITS—MISTAKE IN CREDITING—LIABILITY.
　　Plaintiff, a customer of a bank, having checks to deposit, presented them to its receiving teller, with his bank book, but with a deposit slip headed with the name of another customer of the bank. Such teller entered the aggregate of the checks in such bank book and handed it back to plaintiff. Later, from the deposit slip, the amount was entered in the ledger to the credit of the other customer. *Held* that, plaintiff's bank book not constituting the account between him and the bank, but being a series of receipts open to explanation, and the effect of handing in such deposit slip being a direction to credit the amount to the other customer, so that the relation of debtor and creditor was not created between plaintiff and the bank as to such deposit, and the first act of negligence leading to the error, if negligence be considered, having been that of plaintiff, he could not recover of the bank on account thereof.

　　[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 300; Dec. Dig. § 121.*]

Appeal from Appellate Term.

Action by Benjamin Schwartz, doing business and trading under the name of Kramer & Co., against the State Bank. From a determination of the Appellate Term (63 Misc. Rep. 265, 116 N. Y. Supp. 701), reversing a judgment of the Municipal Court for defendant, defendant appeals. Determination reversed, and judgment affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Moses Feltenstein, for appellant.
Jacob S. Strahl, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. The defendant appeals from a determination of the Appellate Term, reversing a judgment of the Municipal Court dismissing the complaint.

The plaintiff was a customer of the defendant. On October 27, 1905, having seven checks to deposit, aggregating $221.30, he presented the checks to the defendant's receiving teller, together with a deposit slip and a bank book. The bank book was plaintiff's own, but the deposit slip was headed with the name of one S. Hammerman, who was also a customer of the bank. The receiving teller, following the usual custom, entered the aggregate of the deposit in the bank book and handed it back to plaintiff. He put the checks into a drawer used for that purpose, and placed the deposit slip on a file. Later in the day the amount of the deposit was entered in the customers' ledger from the deposit slip, and, of course, since the slip bore Hammerman's name, the amount of the deposit was credited to him. Some time later, when defendant sent plaintiff a statement of his account, the error was discovered. The plaintiff now sues to recover the amount.

We are not referred to any case similar to this in its facts, or controlling as matter of principle. All the cases cited are readily distinguishable. It seems to be clear that the bank book does not constitute the account between the plaintiff and the bank. It contains merely a number of receipts, or entries amounting to receipts, of moneys paid into the bank by the customer. But the mere fact that a customer pays money into a bank does not necessarily create the relation of debtor and creditor between the payee and the bank; for it is quite a common thing for one to pay money into a bank to the credit of another. Unexplained, the fact that a bank book contained an entry showing that the holder of the book had paid money into a bank would presumptively show that the bank had become the depositor's debtor to the extent of the deposit. But the bank book, being merely a receipt or a series of receipts, is open to explanation; and it would be competent to show that, notwithstanding the apparent creation of the relation of debtor and creditor, the payment was made under such circumstances that that relation did not arise. This would be shown by proof that at the time of paying in the money the depositor directed that the amount should be placed not to his own credit, but to that of some one else. This, as we consider, was the effect of handing in with the deposit, and leaving with the bank, a deposit slip indicating that the deposit had been made by or for account of another person than the one who actually paid it in. The deposit slip, bearing Hammerman's name and reciting that he was the depositor, amounted to a direction to the bank to credit the amount to Hammerman. We think, therefore, that as to this deposit the relation of debtor and creditor was never created between plaintiff and the defendant bank. Of course, the plaintiff cannot recover on the theory that the defendant was guilty of negligence; for the first act of negligence, and that which led to the error, was committed by plaintiff himself.

It follows that the determination of the Appellate Term must be reversed, and the judgment of the Municipal Court affirmed, with costs to appellant in this court and the Appellate Term. All concur.