AIDALA v. SAVOY TRUST CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. March 24, 1911.)

1. BANKS AND BANKING (§ 134*)—DEPOSITOR—REAL OWNER—NAME.

A bank's liability for the amount of a deposit made with it is to the real owner thereof, regardless of the name under which the deposit was made, and the use of a name other than the true name of the depositor cannot prevent the bank from deducting from the amount of the deposit a debt which he owed it, unless the deposit was made for the benefit of some other person.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. § 134.*]

2. BANKS AND BANKING (§ 154*)—DEPOSITOR—FRAUD OF—USING NAME OF ANOTHER.

In an action for money had and received against a bank for the amount of a deposit, though the money was deposited in the name of plaintiff, evidence that the money was in fact deposited by another, who assumed the name of plaintiff, was admissible.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–533; Dec. Dig. § 154.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Rosario Aidala, an infant, by Gaetano Aidala, his guardian ad litem, against the Savoy Trust Company of the City of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Abraham H. Sarasohn, for appellant.

Ferdinand E. M. Bullowa (Emilie M. Bullowa, of counsel), for respondent.

SEABURY, J. The plaintiff, an infant, brings this action through his guardian ad litem to recover the amount of a deposit made with the defendant. For a defense the defendant alleged that the deposit was in fact made by Giuseppe Aidala, who represented himself to be Rosario Aidala, in which name the account was kept, and that such depositor was indebted to it in a sum in excess of the amount claimed. The court below found the facts to be as alleged by the defendant, and gave judgment accordingly. From that judgment, the plaintiff appeals to this court.

[1] The only question in issue is as to who was in fact the real depositor of the money for the recovery of which this action is brought. It is true that the money was deposited in the name of "Rosario Aidala"; but the evidence established that Giuseppe Aidala, representing himself to be Rosario Aidala, in fact made the deposit. It was also shown that, at the time of the deposit by Giuseppe Aidala,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he signed the signature book at the bank, and that subsequently he personally drew checks upon that account. It was also shown that Giuseppe Aidala was indebted to the defendant to an amount in excess of the deposit claimed. Under these circumstances, we think the court below properly gave judgment for the defendant.

The fact that Giuseppe Aidala deposited the money under the name of Rosario Aidala does not alter the situation. The defendant's liability for the amount of the deposit made with it was to the real owner of the deposit, regardless of the name under which the deposit was made. The use of a name other than the true name of the depositor cannot be permitted to serve as a shield under which the depositor may prevent the bank from deducting from the amount of his deposit a debt which he owed to it. This is not a case where a deposit was made for the benefit of some person other than the depositor. In such a case a different situation would be presented, and a different rule of law would be applicable. Here the bank has offset the debt due to it by the depositor, who represented his true name to be that under which he made the deposit.

The evidence justified the conclusion that the present action was a fraudulent attempt on the part of Giuseppe Aidala to collect the full amount of his deposit from the bank, notwithstanding the fact that he was indebted to the bank to an amount in excess of that deposit.

[2] In an action for money had and received, it was competent for the defendant to show the true facts under which it had received the deposit. The facts as found by the court below upon ample evidence justified the refusal of the bank to pay.

It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.

PAGE, J., concurs.

BIJUR, J. I concur, on the ground that the trial court was justified in believing that Giuseppe Aidala personally opened and conducted this account with the bank, although from the outset he represented himself to be Rosario Aidala; that, as a result, the transaction was actually one between the bank and Giuseppe Aidala, regardless of what pseudonym he adopted; and that, under the circumstances disclosed by the record, Rosario Aidala was a complete stranger, and has no rights in the premises.