Henry E. Schwab, Respondent, *v.* Nellie J. Schwab, Appellant, Impleaded with Greenwich Savings Bank, Defendant. (Action No. 4.)

Second Department, February 2, 1917.

Gift inter vivos — deposit of moneys by husband in name of wife — joint possession of bank books — evidence not establishing a gift inter vivos.

Where a husband for a number of years deposited money earned by him in numerous savings banks in the name of his wife, and in her name in trust for her daughter, and also in his own name, and kept the bank books in a safe deposit box or in a safe in his house or at his office, to which they both had access, and it appears that this method of keeping the savings bank accounts was for the protection of his wife in case of his death, and did not prevent his use of the money during his lifetime, that there was no intention upon his part at any time to make an immediate gift of the money to his wife, and that there was never a delivery or acceptance of the books so as to meet these elements of a gift, she is not entitled to retain said moneys as a gift *inter vivos*.

A gift *inter vivos* cannot be made to take effect at death, and where there is neither the intent to part absolutely with the title at the time of the alleged giving, nor such an actual or constructive delivery as to deprive the alleged donor of power and control over the thing given, there can be no gift.

The deposit by a husband of his money in the name of his wife does not, in and of itself and while the parties are living, establish a gift.

The joint possession of bank books and deposits by a husband and wife does not, in and of itself, constitute a gift.

Appeal by the defendant, Nellie J. Schwab, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 23d day of April, 1913, upon the decision of the court after a trial at the Kings County Special Term.

*George H. Mallory*, for the appellant.

*Mortimer M. Menken*, for the respondent.

Judgment affirmed, without costs, upon the opinion of Mr. Justice Crane at Special Term.

Jenks, P. J., Stapleton, Mills and Rich, JJ., concurred; Carr, J., not voting.

The following is the opinion delivered at Special Term:

CRANE, J.:

The facts in this case are peculiar and unusual, but the law applicable to them has been laid down in many decisions.   The peculiarity of the facts lies in the arrangement made between the plaintiff and his wife, wherein his savings from his business were to be kept in numerous savings bank accounts standing in different names.   For a great number of years these accounts have been in the name of the defendant, in her name in trust for her daughter, and in the name of the plaintiff.   Thousands of dollars of the plaintiff's money have been thus deposited in various accounts from time to time, and a correct statement kept by him in his book of investments, showing the condition of each bank account, in whose name it was kept, and the interest and deposits added thereto, and the drawings therefrom.   As the plaintiff was not always carrying on business in his own name, it may be that he thus sought protection for his family in case of financial catastrophe, or, as testified to by him, and also by his wife, it may have been that he desired to make it simple and easy for his wife and daughter to get his money in case of his death.   Whatever may have been the cause, all the money deposited in the bank accounts in question was money earned by the plaintiff in his business, and seems to have been his only method of saving or of investing, with the exceptions of a few pieces of real estate. From these accounts money was occasionally drawn for the use of the plaintiff in his business, and, on one occasion, to pay off a mortgage upon his real estate.   The bank books never left the plaintiff's possession, in the sense of a delivery to constitute a gift.   They were kept in a safe deposit box, or in a safe in the dwelling house, to which both the plaintiff and the defendant had access, or else in the plaintiff's safe at his office.

It is quite evident, even from the testimony of the defendant, that the method of keeping these savings bank accounts was for her protection in case of her husband's death, while not preventing his use of the money, should it be needed in his lifetime.   The detailed manner in which the plaintiff kept the account of all these savings in his personal ledger, and of the interest added thereto at stated periods, and the use by him of

the money, together with the fact that he caused the interest to be added at the banks and kept possession of the books, clearly indicates that there was no intention upon his part at any time to make a gift of these funds in present to his wife. The possession by the plaintiff of the books, his actual handling of them, the strenuous objections which he made when the defendant took them from the safe, all indicate that there was never a delivery of these books, so as to constitute this requisite element to a gift, and that the plaintiff never parted with possession of and domain over the pass books or the deposits which they represented. Neither was there such acceptance upon the part of the defendant as to meet this requisite element to a gift, as she permitted her husband to have the books and make use of the deposits as though he still had right to them.

The defendant, while claiming that a gift of all these moneys had been made to her by the plaintiff, intimates that the purpose was to protect her in case of his death, and does not press her claim so far as to exclude him from his present right to the use of these moneys, if his business made it necessary. But a gift *inter vivos* cannot be made to take effect at death, and where there is neither the intent to part absolutely with the title at the time of the alleged giving nor such an actual or constructive delivery as to deprive the alleged donor of power and control over the thing given there can be no gift. The deposit by the plaintiff of his money in the name of his wife does not, in and of itself and while the parties are living, establish a gift, and cannot do so in view of the facts and circumstances in this case, where the evident intention of all parties was to the contrary. (*Beaver* v. *Beaver*, 117 N. Y. 421, 429; *Matter of Bolin*, 136 id. 177; *Curry* v. *Powers*, 70 id. 212, 216; *Cunningham* v. *Davenport*, 147 id. 43; *Augsbury* v. *Shurtliff*, 180 id. 138, 142; *Schneider* v. *Schneider, No. 1*, 122 App. Div. 774, 779; *Young* v. *Young*, 80 N. Y. 422.)

These cases further establish the principle that having the joint possession of books and deposits by the wife and husband would not, in and of itself, constitute a gift. The fact that the plaintiff and the defendant, after so many years of married life, have been brought to litigation over these deposits, is very

unfortunate, and, as is frequently the case, has led to many irrelevant attacks and countercharges. All these have nothing whatever to do with the case, except as they may bear more or less upon credibility, and my conclusion has been formed very largely upon the general scheme of saving and of doing business adopted by this man and wife, more than by any single piece of testimony regarding any single deposit or transaction. The man earned the money, he supported his family and put his savings in his wife's name as above indicated, or, as stated by him, placed ten per cent in the banks in his own name, twenty per cent in the name of his wife, and seventy per cent in trust for his daughter, which, after her marriage, was put in the name of the wife. He never intended to part with the use of these funds, but meant that his wife or daughter should have them in case of his death.

There has been no gift, and the plaintiff in the action which has been tried before me is entitled to judgment as prayed for, but, of course, without costs.