CHARLES A. WHITE, as Administrator, Plaintiff, *v*. BANK OF ANGOLA, Defendant.

Supreme Court, Erie County, July 20, 1927.

Banks and banking — deposit — action to recover amount on deposit in bank to credit of decedent — answer admits deposit stood to credit of decedent, but alleges deposit was property of decedent's mother to whom it was paid on decedent's death — bank may plead payment to true owner — claimants to litigate as between themselves — motion to strike out portions of answer, denied.

In this action to recover the amount on deposit in defendant bank to the credit of decedent at the time of his death, allegations in defendant's answer, which admit the amount claimed stood to decedent's credit at the time of his death but that the deposit was the property of decedent's mother, who, for convenience in the management of her affairs, arranged to have the account carried in decedent's name, and to whom, after decedent's death, the money was paid out, are proper, and should not be stricken out for being sham and frivolous.

While the bank may not volunteer a defense to a third party's claim to its depositor's money, nevertheless, when having in good faith paid out the money to another than the depositor, it may plead and prove, if it can, that it has paid to the true owner.

MOTION by plaintiff to strike out portions of the answer herein for being sham and frivolous, and for judgment on the pleadings.

*Charles A. White*, in person, for the plaintiff.

*John L. Heider*, for the defendant.

CROSBY, J. The action is brought to recover the amount on deposit in defendant bank to the credit of decedent at the time of his death. The answer admits that the amount alleged in the complaint was on deposit in the bank of defendant at the time of decedent's death, and that the same stood to the credit of decedent in an interest book issued to him, but alleged that, to the knowledge of defendant's officers, the deposit was the property of the aged mother of decedent who, for convenience in managing her affairs, arranged to have her deposit carried in the name of her son, the decedent, so that he might make withdrawals for her use. The defendant further alleged that, after the death of decedent, it paid out the money on deposit in decedent's account to and upon the order of the mother who was the true owner.

The question involved is this, viz., can a bank dispute its depositor's title?

It has often been asserted by the courts that a bank cannot dispute its depositor's title. Let us review some of those cases.

*German Savings Bank* v. *Friend* (61 N. Y. Super. Ct. [29 J. & S.] 400). In that case Guttman made the deposit; Friend and House claimed the deposit by assignment, and Podrasky claimed it by reason of the claim that Guttman had stolen the money from him. Friend and House sued the bank to recover the amount of the deposit and Podrasky was threatening suit. The bank brought the action against Guttman, the depositor, Friend and House, who claimed the deposit by assignment, and Podrasky, who claimed the amount of the deposit had been stolen from him by Guttman, to compel the various defendants to interplead among themselves and determine the true ownership of the fund. Plaintiff moved for a temporary injunction to restrain the various defendants from further prosecution of the bank pending the determination of this action brought by the bank. The case above cited is an appeal from an order denying the temporary injunction. The order denying the motion was affirmed upon the ground that, upon the motion, Guttman made an affidavit supporting the claim of Friend and

House; and it also appeared that Podrasky's claim that Guttman had stolen the money from him had been investigated by the grand jury and rejected. So, while the opinion in that case states that a bank cannot dispute its depositor's title, about all the case decided was that a bank cannot dispute its depositor's title when no one else is making any substantial claim to the ownership of the deposit.

*Clark* v. *Saugerties Savings Bank* (62 Hun, 346). In the opinion in that case we find this language: " It may be doubted whether a bank which has received money on deposit, and is sued for the money, can set up as a defense that the depositor was not the owner, at least, unless it proposes, also, to show that the person claimed to be the true owner has, in some legal way, asserted his claim to such money, or prosecuted the bank therefor, or taken some proceeding or action to enforce his claim to said deposit." One wonders if this language means that a bank is justified in refusing payment to its depositor only in case some other alleged owner has actually commenced some legal proceedings against the bank to establish title to the deposit. Or is it sufficient excuse, to justify refusal to pay the depositor, that another has made a colorable claim?

*Lund* v. *Seaman's Bank* (20 How. Pr. 461; 23 id. 258). In that case the bank defended against its depositor on the ground that the deposit was the proceeds of some securities belonging to another, which the depositor had wrongfully converted. We find this language in the opinion (23 How. Pr. 259): " No principle of law can, however, be found which permits a debtor for goods sold, or for money lent or deposited, to set up, as a defense against the claim of his creditor, that his title to the goods sold, or money lent or deposited, is defective or wrongful. That question is of no concern to the purchaser or borrower, unless the third party who claims to have been despoiled of his goods or money will proceed, by process of law, to enforce his rights. It can never be permitted that a debtor may volunteer, by plea or answer, the protection of the claims of those with whom he has had no dealings to defeat his liability for the performance of his contracts."

Here this inquiry arises: While a bank may not volunteer to protect the claims of others to the money of its depositors, may it protect itself against the attacks of a depositor whose deposit has been paid to another who was the true owner?

On the other hand, we find cases that seem to hold that the depositor of money in a bank is not in quite so invulnerable a position; in other words, that even where the suit is one directly between the depositor (plaintiff) and the bank (defendant), the

bank may avail itself of the defense that it has paid the money to one having a good title.

*Parks* v. *Knickerbocker Trust Co.* (137 App. Div. 719). In that case Parks deposited money in defendant's bank and took out certificates of deposit to " J. H. Parks, Treasurer." The court held that the bank could successfully defend an action brought by Parks, on the ground that it had paid the money to the association of which Parks was the treasurer at the time of the deposit, by showing that the money was really the property of such association. We find this language in the opinion: " Although the money was deposited by him [plaintiff] and the certificates issued in his name, the fact that payment has been actually made to the lawful owner is a good defense. (*Viets* v. *Union National Bank of Troy*, 101 N. Y. 563; *Van Alen* v. *American National Bank*, 52 id. 1.) "

The force of that decision, so far as it holds that payment of a deposit to the true owner is a defense in a suit by the depositor, is somewhat diminished by the fact that the certificates were issued to " J. H. Parks, *Treasurer*." Indeed the court says, in its opinion: " The word ' Treasurer ' immediately following plaintiff's name in each certificate is, of itself, significant," etc.

The case of *Cooper* v. *Public National Bank of New York* (208 App. Div. 430) holds squarely that a bank may dispute its depositor's title. That was a case in which plaintiff's father owed the defendant bank a sum of money. The debt arose in this fashion: The father had a small account in the bank, and by mistake the bank credited to the account a considerable deposit made by another depositor; whereupon plaintiff's father dishonestly withdrew the full amount credited to his account (including that which had mistakenly been credited to his account) and closed his account. Thereafter the defendant charged to plaintiff's account the amount of her father's debt, contracted in this dishonest way, and was permitted to prove that the money deposited to the credit of plaintiff was in fact the property of her father who owed the bank.

The case of *Scheffer* v. *Erie County Savings Bank* (229 N. Y. 50) is not quite in point. It does not hold that a bank may dispute its depositor's title, but holds that the bank may not defend its depositor's title against the attack of one who had an assignment of it, though the assignment was not in writing and the depositor was deceased.

*Schwab* v. *Schwab, No. 4* (177 App. Div. 246) is not in point. There the controversy over the ownership of a deposit came up between a man and his wife; the bank was not a party to the action.

The following cases, which have also been studied, throw some light on the question: *France Milling Co.* v. *First Nat. Bank of*

*Cobleskill* (138 App. Div. 645); *Jaffe* v. *Bowery Bank* (31 Misc. 778); *Adams* v. *McCann* (59 N. Y. Super. Ct. [27 J. & S.] 59); *German Exchange Bank* v. *Commissioners* (6 Abb. N. C. 394). (See, also, 14 Abb. Dig. [1900–1912] Supp. vol. 1, 790; *Roughan* v. *Chenango Valley Savings Bank*, 158 App. Div. 786.)

From a study of the foregoing cases and many others not herein cited, I have come to the conclusion that, while a bank may not volunteer a defense of some outsider's claim to its depositor's money, nevertheless when a substantial claim is made, by such outsider, to ownership of a deposit, so that the bank is placed in jeopardy by paying to either the depositor or the outside claimant, the bank may protect itself by requiring the rival claimants to litigate as between themselves; or, having in good faith paid out the money to another than the depositor, may plead and prove, if it can, that it has paid to the true owner.

Motion denied, without costs.