BANK OF JAMESTOWN, as Administrator, etc., of ROSE P. SHANNON, Deceased, Plaintiff, *v.* THE CATTARAUGUS COUNTY BANK OF LITTLE VALLEY, NEW YORK, Defendant.

Supreme Court, Chautauqua County, August 8, 1933.

*Van Vlack & Bargar,* for the plaintiff.

*Krieger & Prey,* for the defendant.

HINKLEY, J. The salient facts in this action are not in dispute. One George T. Botsford, as executor of the Rose P. Shannon estate, misappropriated a large sum of money which had been entrusted to his care in that estate. He had been conducting a retail grocery store and disappeared on September 7, 1931. Prior to that time he had borrowed money from the defendant bank

and given to the latter certain promissory notes which had matured. After his disappearance his wife continued to conduct the grocery business, and on November 9, 1931, she was appointed administratrix of her husband's estate. As such administratrix she deposited money in the defendant bank in an account opened by her in her representative capacity. This money constituted receipts from the grocery business and sale of the stock. Had Botsford been actually dead, the bank, of course, could not offset the moneys deposited by his wife, as administratrix, as against his notes. Botsford, however, was at all times and is now alive. He appeared sometime in February, 1932, and on May 11, 1932, was adjudicated a bankrupt. On May 16, 1932, letters of administration theretofore issued to his wife were revoked. The defendant bank thereupon set off against the promissory notes of Botsford the moneys on deposit in the bank under the account of his wife as administratrix of his estate. On September 12, 1932, a final settlement of the account of Botsford's wife as his administratrix was had in the Surrogate's Court, and her claim against the defendant as such administratrix was assigned to the plaintiff.

The money deposited in the defendant bank by the wife of Botsford, although in her name as administratrix of his estate, was at all times the money of Botsford himself, he not having died. The action of the surrogate, although at one time held valid (*Roderigas* v. *East River Savings Institution*, 63 N. Y. 460), has now been squarely held to be in violation of the Fourteenth Amendment of the United States Constitution (*Roderigas* v. *East River Savings Institution*, 76 N. Y. 316; *Scott* v. *McNeal*, 154 U. S. 34; *Matter of Killan*, 172 N. Y. 557). The law merchant gave to the defendant bank a general lien upon all moneys or funds in its possession belonging to Botsford (*Falkland* v. *St. Nicholas National Bank of New York*, 84 N. Y. 145). The question is not in whose name the money was deposited in the defendant bank, but who was the actual owner of the money (*Cooper* v. *Public National Bank of New York*, 208 App. Div. 430; *White* v. *Bank of Angola*, 130 Misc. 99).

The court understands that this case was submitted to it for final determination upon the undisputed facts set forth in this opinion. Order may be entered dismissing the motion of plaintiff to strike out defendant's answer and for summary judgment. Judgment may be entered in favor of defendant dismissing plaintiff's complaint.