Amalie Hoppe, Plaintiff, *v.* President and Directors of the Manhattan Company and Another, Defendants.

City Court of New York, Bronx County, March 12, 1935.

*Joseph L. Zoetzl*, for the plaintiff.

*Eugene L. Brisach*, for the defendant Harmon Hoppe.

Donnelly, J. The money drawn by plaintiff from the Kings County Savings Bank and from the Williamsburg Savings Bank and deposited by her in the Bank of Manhattan Trust Company on August 11, 1932, in the name of her husband, the defendant Harmon Hoppe, was her money. This account was closed on May 9, 1933. On the same day plaintiff opened an account in the Bank of Manhattan Company in the sum of $1,917.54 in the name of "Amalie Hoppe in trust for Harmon Hoppe." The amount then deposited represents what was left of the two amounts that had been withdrawn by her from the two savings banks. The account

opened by her in the name of her husband on August 11, 1932, was simply for her convenience. As she, in substance, expressed it, she had had some money transactions which she evidently feared would involve her in litigation. Possession of the pass book relating to the account opened by plaintiff on May 9, 1933, has always been retained by her.

A deposit by one person of his own money, in his own name, as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. (*Matter of Totten,* 179 N. Y. 112, 125, 126.) At bar there was no evidence of an intention upon the part of plaintiff to make a gift of the moneys on deposit in her name in trust for Harmon Hoppe. The deposit by plaintiff of her money in the name of her husband does not establish a gift. (*Schwab* v. *Schwab,* 177 App. Div. 246, 248.) The defendant Harmon Hoppe was not the donor, but the donee of the trust, and the power to revoke the trust did not rest with him. It rested with his wife as the depositor. (*Duryea* v. *Knapp,* 174 App. Div. 131; affd., 223 N. Y. 643.) The deposit made by plaintiff in trust for Harmon Hoppe was a tentative trust, revocable at will. (*Matter of Mannix,* 147 Misc. 479; *Matter of Reich,* 146 id. 616.)

Counterclaim interposed by defendant Harmon Hoppe is dismissed. Judgment in favor of plaintiff, pursuant to stipulation, for the sum of $1,917.54, with interest. No costs against defendant bank. (Banking Law, § 113, subd. 3.) Exception to defendant Harmon Hoppe. Ten days' stay and thirty days to make and serve case. Settle order on two days' notice.