## CITY NAT. BANK OF PHILADELPHIA v. MONTROSE INDUSTRIAL BANK.
### No. 391.

District Court, E. D. New York.

Sept. 20, 1939.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (D. M. Tibbetts, of New York City of counsel), for the motion.

Joseph W. Gottlieb, of Brooklyn, N. Y., opposed.

CAMPBELL, District Judge.

This is a motion made on behalf of the plaintiff on the pleadings, interrogatories and answers thereto, and the affidavit of M. E. Reeve, vice president of the plaintiff, to strike out the affirmative defenses set forth in the answer, and for a summary judgment for the amount ·demanded in the complaint.

There is no dispute about jurisdiction. Plaintiff sues as trustee under an indenture made by Kinsey Distilling Company to secure an issue of collateral trust notes, and the complaint alleges that a part of the security under the indenture, consisted of money in the sum of $100,000, which was deposited with the plaintiff as such trustee, to be held in one or more special accounts, each standing in the name of the "City National Bank of Philadelphia, Trustee for Kinsey Distilling Company—Reserve Fund"; that acting in such capacity plaintiff deposited $5,000 of said sum on the 18th day of March, 1938, in the defendant bank in the name of "City National Bank of Philadelphia, Trustee for Kinsey Distilling Company—Reserve Fund"; that thereafter on March 9th, 1939, plaintiff, as such trustee, drew a draft on the defendant for the amount of the deposit, which was duly presented for payment, but payment was refused on the ground that the balance was not available.

The complaint sets forth items of expense amounting to $1.75, and demands judgment against the defendant for the sum of $5,001.75, together. with interest from March 9th, 1939, and the costs of the action.

The answer in effect admits all of the allegations of the complaint, except that it denies knowledge or information sufficient to form a belief that the plaintiff is, and was, trustee under an indenture made by Kinsey Distilling Company, to secure an issue of collateral notes, and that the amount deposited with the defendant was part of the Reserve Fund pledged as security under that indenture, but the answer, coupled with the answers to the interrogatories, admits that the deposit, when received, was entered in an account entitled "City National Bank of Philadelphia, Trustee for Kinsey Distilling ˙ Company—Reserve Fund"; and that the money was received from the plaintiff with instructions to deposit it in that form.

Two separate and distinct defenses are set forth in the answer. The first, being in substance, that Kinsey Distilling Company, ·on or about March 18th, 1938, entered into an agreement under which the defendant agreed to discount notes of customers of Kinsey Distilling Company, and as an inducement to the defendant to enter into \such an agreement, agreed to cause to be deposited with the defendant the said sum of $5,000, on March 18th, 1938, pursuant to the alleged agreement; that on information and belief the amount of the de-

568

posit belongs to Kinsey Distilling Company; that Kinsey Distilling Company is indebted to the defendant and by reason thereof defendant is entitled to retain the said sum of $5,000. The second being that the Kinsey Distilling Company is involved in reorganization proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., in the United States District Court for the Eastern District of Pennsylvania, and that by reason of the restraining provisions contained in the order approving the petition for reorganization, the plaintiff is enjoined and restrained from enforcing any claim against the defendant for the money deposited.

From the answer, and the answers to the interrogatories, it appears that no claim has, at any time, been made against the deposit made by the plaintiff, and that the defendant has not made any move to bring in Kinsey Distilling Company as a party to these proceedings.

So far as the second separate and distinct defense is concerned, no further consideration is required, as the United States District Court for the Eastern District of Pennsylvania, by its order made on September 13th, 1939, has modified and vacated its said order of March 9th, 1939, insofar as the $5,000, here in question, is concerned and, therefore, the second separate and distinct defense should be stricken out.

From whatever standpoint this motion is opposed, it is based entirely on an attempt to litigate claims of a supposed third party, who is not a party to these proceedings, and whom defendant has not sought to bring in as a third party to this action, it does not seem to me, for the purposes of this motion, that it is necessary to consider whether the deposit was a special or general one, as there is no claim, either in the affirmative defense or in the answers to the interrogatories, that Kinsey Distilling Company has made, or is making, any claim against the deposit that might embarrass the defendant.

The relationship between a bank and its depositor is that of debtor and creditor, resulting in an implied contract that the bank will promptly honor the drafts of its depositors for the full amount of the deposit, or any portion thereof, except in this case, that if Kinsey Distilling Company, or any other third party, had made a demand, or commenced an action against the defendant for the recovery of the deposit on the ground that it belonged to such third party, or if the fund had been garnisheed or attached by a third party, the defendant would have been justified, on proper notice to the plaintiff, to decline to pay to it the amount of the deposit, until there had been an adjudication or settlement of the adverse claims, or on proper motion and affidavit it could have proceeded by way of interpleader to determine the rightful owner. New York Banking Law (Consol.Laws, c. 2), § 134, subd. 6 (a); Section 287, Civil Practice Act.

In this case no such conditions exist, as all that we have here is an attempt, by the defendant by an allegation on information and belief, that the deposit belonged to the Kinsey Distilling Company, which is indebted to the defendant, to recoup a loss sustained in dealings with the third party against the person who made the deposit and was recognized as its owner. This, it cannot do, because in the absence of actual claim or action against the defendant, by a third party, the defendant is estopped to set up an adverse claim of a third party for its own benefit. First National Bank of Lock Haven v. Mason, 95 Pa. 113, 40 Am.Rep. 632; Citizens' National Bank v. Alexander, 120 Pa. 476, 14 A. 402; Patterson v. Marine National Bank, 130 Pa. 419, 18 A. 632, 17 Am.St.Rep. 778; German Savings Bank v. Friend, 20 N.Y.S. 434; Gibraltar Corporation v. Mt. Vernon T. Co., 276 N.Y. 353, 12 N.E.2d 438, 115 A.L.R. 322; Falkland v. St. Nicholas National Bank, 84 N.Y. 145; In re Interborough Consol. Corporation, 2 Cir., 288 F. 334, 32 A.L.R. 932; Jaselli v. Riggs National Bank, 36 App.D.C. 159, 31 L.R.A.,N.S., 763, Ann. Cas.1912C, 119.

The first affirmative defense should be stricken out.

The motion is granted.

Settle order on notice.